ARANSAS PASS HARBOR COMPANY v. L. H. MANNING ET AL.

Decided October 25, 1901.

Pleading—Affirmative Relief—Demurrer—Error Not Harmless.

The fact that evidence to sustain a plea which set up matter of estoppel was also admissible under the general denial, did not render error in striking out the plea harmless where it contained a prayer for affirmative relief which the pleader had the right to interpose, and which could not be successfully interposed unless the facts were pleaded on which it was predicated.

Appeal from Aransas.   Tried below before Hon. M. F. Lowe.

*Denman, Franklin & McGown,* for appellant.

*E. A. Stevens,* for appellee.

GILL, ASSOCIATE JUSTICE.—What are regarded by this court as the controlling questions involved in this appeal were certified to the Supreme Court for decision.   The nature of the suit, the result of the trial in the court below, and the pleadings and facts upon which the questions decided arose, are fully set out in connection with the answers of the Supreme Court (63 Southwestern Reporter, 627) and need not be repeated here.   Because the Supreme Court has held that the trial court erred in sustaining exceptions to appellant's answer the judgment of the court below is reversed and the cause remanded for trial in accordance with the views expressed in the answers of the Supreme Court to the questions propounded.

Appellee insists that if it be conceded that the trial court was in error in sustaining demurrers to the special answer of the appellant, the error was harmless because the facts specially pleaded in estoppel were admissible under the general issue which was unaffected by the action of the trial court on the demurrers, and that inasmuch as appellant offered no proof of ratification or estoppel the judgment ought to be permitted to stand.   The action, in so far as it sought to set aside the deed, was an action of trespass to try title, and the appellant did not interpose the general plea of "not guilty" in the terms of the statute, but did file a plea of general denial which was followed by the special plea to which exceptions were sustained.

If it be conceded, however, as in effect contended by appellee that the general denial is equivalent to the plea of "not guilty," the fact remains that the part of the pleading stricken out on demurrer contained a prayer for affirmative relief which appellant had the right to interpose and which could not have been successfully interposed unless the facts were pleaded on which the prayer for relief was predicated.   It follows that the reason offered will not suffice to sustain the judgment.

Appellee also suggests that the facts tend to show that the interests of Fulton, the president of the Hotel Company, in the property of the

·concern was fully covered by the claims of his individual creditors, and that therefore nothing could have been adjudged to appellant on the theory that Fulton's individual interest passed by the deed. The question as to the effect of the claims of creditors against Fulton's interest does not properly arise on this appeal because appellant was not permitted to interpose its defense in such a way as to try the issue. If the issue arises on another trial, the question of priority between creditors and appellant can be determined according to well settled principles of law, a discussion of which at this time is both unnecessary and inappropriate.

For the reasons given the judgment is reversed and the cause remanded.

*Reversed and remanded.*